In re Philip SOLTOFF and Elaine Soltoff, his wife. (All-State Bond and Mortgage Company, Bankruptcy No. 77–1729WK; Philip Soltoff Associates, Inc., Bankruptcy No. 77–1730WK; Poco Pocono, Inc., Bankruptcy No. 77–1731WK Bankruptcy Nos. 77–979WK and 77–980WK consolidated with this Case).

**ROARING BROOK TOWNSHIP, Plaintiff,**

v.

**PHILIP SOLTOFF ASSOCIATES and All-State Bond and Mortgage Co., Defendants.**

**Bankruptcy No. 77–978WK.**

United States Bankruptcy Court, E. D. Pennsylvania.

Nov. 8, 1979.

David R. Rosenfeld, Sklar, Pearl, Lichtenstein & Sklar, P. C., Philadelphia, Pa., Michael H. Roth, Scranton, Pa., for plaintiff.

Morton R. Branzburg, Morton S. Gorelick, George T. Kenney, Philadelphia, Pa., for receiver.

Harry A. Rutenberg, Arnold E. Cohen, Philadelphia, Pa., for debtors.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

▇ Plaintiff, Roaring Brook Township, brings this action seeking relief under the provisions of Rule 11–44(d) of the Rules of Bankruptcy Procedure. The movant requests that the automatic stay imposed by Rule 11–44(a) be modified so as to permit a matter, currently pending in the Court of Common Pleas of Lackawanna County, to proceed to trial. In that Case, *Caprio v. Roaring Brook Township, Philip Soltoff and Associates et al.,* No. 55, May Term 1977, which sets forth a claim for property damage, both Plaintiff and Debtor were named as co-defendants. That complaint was automatically stayed pursuant to Rule 11–44(a) as a result of the debtor's filing for Chapter XI Reorganization on October 19, 1977.

Subdivision (a) of Rule 11–44 provides that:

A petition filed under Rule 11–6 or 11–7 shall operate as a stay of the commencement or the continuation of any court or other proceeding against the debtor, or the enforcement of any judgment against him, or of any act or the commencement or continuation of any court proceeding to enforce any lien against his property, or of any court proceeding, except a case pending under Chapter X of the Act, for the purpose of the rehabilitation of the debtor or the liquidation of his estate.

The purpose of such a provision is to prevent interference with, or diminution of the debtor's property during the Chapter XI proceeding. *Teledyne Industries, Inc. v. Eon Corp.,* 373 F.Supp. 191 (S.D.N.Y.1974); See also *In re Bargain City, U. S. A., Inc.,* 212 F.Supp. 111 (E.D.Pa.1962). It was designed and intended to prevent a chaotic and uncontrolled scramble by creditors for the debtor's assets in a variety of uncoordinated proceedings in different courts. *In re Fidelity Mortgage Investors,* 550 F.2d 47, 55 (2nd Cir. 1976), *cert. denied* 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977). Cen-

tralization of all the debtor's affairs in a single forum will thus harmonize all of the creditors' interest with one another. *In re Fidelity Mortgage Investors*, supra.

> Subdivision (d) of Rule 11–44 states that: Upon the filing of a complaint seeking relief from a stay provided by this rule, the bankruptcy courts shall, subject to the provisions of subdivision (e) of this rule, set the trial for the earliest possible date, and it shall take precedence over all matters except older matters of the same character. The court may, for cause shown terminate, annul, modify or condition such stay. A party seeking continuation of a stay against lien enforcement shall show that he is entitled thereto.

Authorities agree that the granting or denial of relief under Rule 11–44(d) lies within the discretion of the court, but they are divided as to the proper standard to be applied. The central question is what constitutes "cause shown". See *In the Matter of Universal Money Order Co.*, 470 F.Supp. 869, 18 Collier Bankruptcy Cases 530, 533 (S.D.N.Y.1975). Certain jurisdictions impose the burden on the party seeking relief from the stay to show why a continuance would cause it irreparable damage; only upon such a showing does the burden shift to the debtor to demonstrate its entitlement to continuation of the stay. *In re The Overmyer Company*, 2 Bankruptcy Court Decisions 992, 993 (S.D.N.Y.1976); other jurisdictions place the initial burden of proof upon the debtor to demonstrate why the stay should be continued, *In re Jenifer Mall Corporation*, 1 Bankruptcy Court Decisions 179 (D.D.C.1974), taking into account such factors as the amount of equity in the property, whether the collateral is in jeopardy, whether the property in question is indispensable to a successful reorganization, and whether there is a real possibility that the debtor will be able to effectuate an arrangement. *In re The Red Carpet Corporation of Panama City Beach*, CCH Decisions § 66,206 (N.D.Fla.1976); *In re IFC International*, CCH Decisions § 66,380 (M.D. Fla.1977). Such criteria is usually applied where a secured creditor who seeks relief from the stay provisions argues that further continuance of the stay would jeopardize its security interest.

■ Some jurisdictions, in balancing the equities of the case, will lift the stay of a state court action where it is determined that the issues are entirely local in nature and readily susceptible to prompt state court resolution. See *In re Young Properties Corporation*, 5 Collier Bankruptcy Cases 714 (S.D.Cal.1975). It is within the Court's discretion to allow the state court to try issues of liability and damages, reserving dischargeability to itself, where it perceives that such a trial on the merits would be of sufficient duration to substantially disrupt the Bankruptcy Court's ability to properly perform its other duties. *Vern O. Austin v. Wendell-West Company*, 9 Collier Bankruptcy Cases 319 (9th Cir. 1976). In the case of *In re The Royal Scot Ltd.*, 8 Collier Bankruptcy Cases 239 (1976), the Court balanced the interests involved and permitted the Plaintiff to continue its state court proceedings, but ruled that no final action would be taken without further order of the Bankruptcy Court. Plaintiff was obligated to furnish the debtor, receiver and creditors' committee with all the papers filed in the state court action. Any party could then, at any time, apply to the Bankruptcy Court for further clarification, or modification of the order.

■ In order for the Plaintiff to succeed in this action, it must be able to demonstrate that it would be "irreparably damaged" by further continuance of the stay. The Plaintiff is not a secured creditor whose security interest is in jeopardy, but rather a party with a potential unliquidated claim against the debtor, should liability be found as a result of the state court action. The initial burden does not fall upon the Bankrupt to support its position as to the stay, as Plaintiff contends, for such a position is in conflict with the rule that it is the unsecured creditors who bear the burden of demonstrating sufficient "cause shown" under Rule 11–44(d).

Nowhere in the Plaintiff's arguments is it shown that he would be irreparably damaged by further continuance of the stay. Although the movant does note that the remaining parties to the action in state court *may* be prejudiced since they do not have the resources available to them of a creditor who is able to participate in a plan of arrangement, the cases generally indicate that it is the moving party alone who must show that it would be irreparably harmed.

Absent such a showing on the part of the Plaintiff here, this Court finds that the stay is necessary for the Debtor's rehabilitation, will not impair the rights of the movant, and that the continuation of such a stay will permit the successful reorganization arrangement of the Debtor's property in this Chapter XI Case.