In re HUMPHREYS PEST CONTROL COMPANY, INC., and Humphreys Pest Control Franchises, Inc., Debtor.

Bankruptcy No. 82–05540K.

United States Bankruptcy Court, E.D. Pennsylvania.

Jan. 6, 1984.

Erwin L. Pincus, Joseph S.U. Bodoff, Philadelphia, Pa., Adelberg, Rudow, Hendler & Sameth, Baltimore, Md., for debtors.

Melvin Lashner, Philadelphia, Pa., for creditors' committee.

Eduardo C. Robreno, Philadelphia, Pa., for movants.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

Humphreys Pest Control Company, Inc. and Humphreys Pest Control Franchises, Inc. ("Humphreys Franchises, Inc.") are the debtors in the above-captioned bankruptcy case, having filed a petition for relief under Chapter 11 on November 17, 1982. Both are Pennsylvania corporations. Humphreys Pest Control Company operates an insect extermination business. Humphreys Franchises, Inc. sells franchises in the pest control business pursuant to franchise agreements known as "Standard Operating Agreements."

Presently before the Court is a motion for relief from the automatic stay filed by twelve (12) purchasers of the Humphreys Pest franchises (hereinafter referred to as "movants"). The movants have already filed suit in the United States District Court for the Eastern District of Pennsylvania against the officers and agents of the debtors. Securities law violations,[1] RICO[2] violations, and common law fraud are alleged in the complaint. The movants now seek modification of the stay under Code § 362(d)(1) in order to proceed against the

1. Count I alleges violations of Sections 12(1) and 17(a) of the Securities Act of 1933; Count II alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b–5; Count IV alleges violations of the

Anti-Fraud Provisions of the Pennsylvania Securities Act of 1972, 70 P.S. § 1–401.

2. Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq.

debtors in Federal District Court. If they are granted modification of the stay, they intend to file an action against the debtors and move for consolidation of the two (2) lawsuits. For the reasons stated herein, we will grant the relief requested.[3]

Immediately upon the filing of a petition under the Bankruptcy Code, an automatic stay arises which bars the commencement or continuation of litigation against the debtor unless relief is granted. 11 U.S.C. § 362(a).

Section 362(d)(1) provides as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) *for cause,* including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d)(1) (emphasis added).

On the issue of cause, movants aver in their motion that:

"... because of the complexity of the issues to be litigated, the similarity of the claims against all respondents, the need to prevent inconsistent results and to have an expeditious resolution of petitioners' claims, it would be in the interest of judicial economy to determine the liability of both corporate and individual respondents in one forum.... petitioners aver that the claim for rescission of the investments constitutes cause under Section 362(d)."

In responding to these averments, the debtors' allege in their answer that claims brought against the corporate debtors will be disruptive of the Chapter 11 reorganization proceeding. However, the debtors

have not presented any evidence on this issue.

In an action to modify or terminate the stay, the "party requesting such relief has the burden of proof on the issue of the debtors' equity in property" while the "party opposing such relief has the burden of proof on all other issues." 11 U.S.C. § 362(g)(1) and (2).

At the hearing on December 13, 1983, both parties rested without presenting evidence, despite the clear import of § 362(g), which places the burden of proof on the debtor to refute allegations of cause. On similar facts, the Bankruptcy Court for the Southern District of New York held that:

"Where the debtor rests without presenting any evidence as to cause under Code § 362(d)(1) the debtor has failed to sustain the burden imposed under Code § 362(g)(2) and the automatic stay should be lifted. *In re Gauvin,* 24 B.R. 578, 10 B.C.D. 219 (Bkrtcy.App.—9th Cir.1982)."

*In re Highcrest Management Co., Inc.,* 30 B.R. 776, 778 (Bkrtcy.S.D.N.Y.1983).

At the December 13th hearing, counsel for the movants directed our attention to the *Highcrest* case, which had previously been cited by movants in a memorandum of law filed to support modification of the automatic stay.[4] One basis for lifting the stay in that case was that the plaintiff's claim against the debtor was a "related proceeding" within the meaning of section d(3)(A) of the Emergency Bankruptcy Rule adopted by the District Court for the Southern District of New York post *Marathon.*[5] Our District Court has adopted a similar Emergency Rule to deal with jurisdictional problems in the wake of *Marathon.* Therefore, we would be confronted with the same situation confronting the Bankruptcy Judge in *Highcrest* in that the movants' claims

---

**3.** This Opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Rules of Bankruptcy Procedure.

**4.** On September 15, 1983, we entered an Order granting movants relief from the automatic stay when the debtors failed to file an answer within the ten-day answer period. Debtors' counsel filed a motion to vacate the Order on the basis of inadequate service. We vacated

the Order although counsel for the movants filed a response to the Motion to Vacate and attached a Memorandum of Law (legal document no. 95).

**5.** *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

against the debtors would be a "related proceeding" under the Emergency Rule. If we heard these claims in the Bankruptcy Court, our jurisdiction would be limited to making findings of fact and conclusions of law which would not be binding on the District Court. Moreover, we would be unable to hear the proceeding if the movants demand a jury trial, which they intend to do, because the Emergency Rule prohibits jury trials by the Bankruptcy Court.

The legislative history of the Bankruptcy Code provides that "cause" for relief under § 362(d)(1) may be found where it is more advantageous to allow a lawsuit against the debtor to go forward in a tribunal other than Bankruptcy Court. As the legislative history indicates:

"Undoubtedly the court will lift the stay for proceedings before specialized or nongovernmental tribunals to allow those proceedings to come to a conclusion. Any party desiring to enforce an order in such a proceeding would thereafter have to come before the bankruptcy court to collect assets. Nevertheless, it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere."

H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 341 (1977) U.S.Code Cong. & Admin.News 1978, pp. 5787, 6297.

Since the issues to be litigated in the movants' suit now pending against the debtors' officers and agents are the same issues the movants will raise against the debtors, it appears that judicial economy will be served by allowing the suit to go forward in the District Court.

In conclusion, we find there is "cause" to lift the stay, the debtors having failed to sustain their burden of proving otherwise. Accordingly, we will grant modification of the stay to allow the movants to commence litigation against the debtors in the District Court on the same cause of action now pending against the debtors' officers and agents. However, the movants may not execute on any judgment they obtain on this cause of action with respect to the debtors without further approval of this Court.