**In re Marie SCHMID, Debtor.**

**Bankruptcy No. 84–04128G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Sept. 11, 1985.

Mitchell L. Bach, Hangley Connolly Epstein Chicco Foxman & Ewing, Philadelphia, Pa., for movants, Gerard Billebault and Rachel Billebault.

Alexander Hemphill, Monteverde, Hemphill, Maschmeyer & Obert, Philadelphia, Pa., for debtor, Marie Schmid.

Michael A. Cibik, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The focus of the controversy before the bench is whether we should grant a motion for relief from the automatic stay imposed by § 362(a) of the Bankruptcy Code ("the Code"), on substantiated allegations that the debtor converted funds which the movants had placed in escrow. Since we conclude that the movants' status rises no higher than that of a general, unsecured creditor, we will deny the requested relief from the automatic stay.

The facts of this case are as follows:[1] The debtor is the president of American Business Resources ("American") and in that capacity she negotiated with Gerard and Rachel Billebault ("the movants") for the sale of a parcel of realty owned by American. In furtherance of these negotiations the movants advanced a security deposit of $20,000.00 to the debtor. The funds were placed in escrow but eventually released to the debtor under a series of convoluted circumstances. Negotiations for the sale of the subject property never culminated in a contract of sale and the movants futilely requested the return of the escrow funds. The movant obtained in state court a judgment against the debtor in the principal amount of $20,000.00, but the record before us fails to reveal whether that judgment constitutes a lien on any of the debtor's property. Shortly after the entry of the judgment the debtor filed a petition for relief under chapter 7 of the Bankruptcy Code ("the Code"). At no time did the debtor satisfy the $20,000.00 claim.

Under 11 U.S.C. § 362(d)(1)[2] of the Code the court may grant relief from

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

2. (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
   (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

the automatic stay "for cause." In the case at bench the movants have failed to trace the escrow funds into any identifiable property which could properly be the subject of relief from the stay and they have likewise failed to establish that the state court judgment creates a lien on any of the debtor's realty. Notwithstanding the movants' recriminations of the debtor's theft and conversion of the escrow fund, their claim has no greater integrity than that of a general unsecured creditor. As a general rule, unsecured creditors are not entitled to relief from the stay to collect on a debtor's prepetition obligations. The facts of this case fall within that general mandate and as such the movants' request for that relief must be denied. We will accordingly enter an order denying relief from the automatic stay.

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

    (A) the debtor does not have an equity in such property; and

    (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).