**In re UNR INDUSTRIES, INC., Unarco Industries, Inc., Unr, Inc., UNR–Rohn, Inc., (Alabama), UNR–Rohn, Inc., (Indiana), Dart, Inc., Jobal Tube Co., Inc., National Plastics, Inc., UNR Products, Inc., Leavitt Structural Tubing Co., and Folding Carrier Corporation, Debtors.**

**Frances CLOSE, Plaintiff,**

**v.**

**UNR INDUSTRIES, INC., Unarco Industries, Inc., Unr, Inc., Unr-Rohn, Inc., (Alabama), Unr-Rohn, Inc., (Indiana), Dart, Inc., Jobal Tube Co., Inc., National Plastics, Inc., Unr Products, Inc., Leavitt Structural Tubing Co., and Folding Carrier Corporation, Defendants.**

**Bankruptcy Nos. 82 B 9841 to 82 B 9851 and 83 A 2057.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Sept. 13, 1985.

Schwartz, Cooper, Kolb & Gaynor, Chtd., and Sonnenschein, Carlin, Nath & Rosenthal, Chicago, Ill., for debtors.

Stack & Filpi, Chicago, Ill., for plaintiff.

## MEMORANDUM OPINION AND ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This cause coming on to be heard upon the Complaint For Relief From Automatic Stay filed by FRANCES CLOSE, represented by STACK AND FILPI, and upon the Answer filed thereto by the above-entitled Debtors, represented by SCHWARTZ, COOPER, KOLB & GAYNOR, CHTD. and SONNENSCHEIN, CARLIN, NATH & ROSENTHAL, and the Court, having considered the record in these cases and the pleadings on file, and having examined the Proposed Findings of Fact and Conclusions of Law filed by the parties in support of their respective positions, and having afforded the parties an opportunity for hearing, and having found that this cause constitutes a core proceeding, 28 U.S.C. § 157, and being fully advised in the premises;

The Court Finds:

1. On July 29, 1982, the above-entitled Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Since that date, Debtors have continued to operate their businesses and manage their properties as debtors-in-possession.

2. Prior to 1970, some of the above Debtors or their predecessor corporate entities were involved in the manufacture and sale of products containing asbestos fiber. Exposure to these products has been implicated as a cause of several forms of serious and delibitating asbestos-related disease. Although Debtors ceased their dealings with asbestos products in the early 1970's, there were approximately 17,000 asbestos-related tort or wrongful death cases pending against them on July 29, 1982, when these bankruptcy proceedings commenced. In addition, Debtors anticipate that between 30,000 and 120,000 new asbestos-related tort and wrongful death cases may be filed against them between now and the early twenty-first century, as individuals who have already been exposed to asbestos or asbestos product begin to manifest disease symptoms.

3. The expense involved in defending the 17,000 asbestos-related tort and wrongful death suits pending against Debtors on July 29, 1982, had much to do with Debtors' institution and maintenance of these bankruptcy proceedings.

4. The Plaintiff herein, FRANCES CLOSE, is the widow and survivor of FLOYD CLOSE, deceased, who died as a result of a mesothelioma tumor allegedly caused by his exposure to asbestos product manufactured by Debtors or their predecessor corporate entities.

5. On July 6, 1983, Plaintiff filed a Complaint for Relief from Automatic Stay, in which she sought authority to commence and proceed to judgment against Debtors on a state court wrongful death lawsuit.

6. Debtors filed an Answer to Plaintiff's Complaint on July 26, 1983.

7. Plaintiff contends that sufficient cause exists for the entry of relief from the section 362(a) automatic stay because in the event the stay is not lifted, Plaintiff will be unable to commence her lawsuit against Debtors, and will be prevented for an indefinite period from seeking compensation necessary for her care, comfort, support and maintenance.

8. Debtors oppose Plaintiff's request for relief from stay suggesting that Plaintiff has not presented a sufficient showing of cause for entry of relief from the stay.

The Court Concludes and Further Finds:

1. Debtor's institution of these voluntary Chapter 11 bankruptcy proceedings on July 29, 1982, operated as a stay against the institution of any civil litigation against the Debtor. 11 U.S.C. § 362(a)(1).

2. Plaintiff was entitled to request relief from this automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code, 11 U.S.C. § 362(d)(1), which provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

3. The proponent of a request for relief from the section 362(a) automatic stay bears the initial burden to establish "cause" warranting entry of such relief. Once such initial showing has been made by the creditor, the burden lies with debtor to demonstrate its entitlement to the continuation of the stay. *In re Curtis*, 40 B.R. 795, 802–803 (Bankr.D.Utah 1984); *Clark Equipment Credit Corp. v. Kane (In re Kane)*, 27 B.R. 902, 905 (Bankr.M.D.Pa.1983); *Roaring Brook Township v. Philip Soltoff Associates*, 1 B.R. 180, 182 (Bankr.E.D.Pa.1979); 2 L. King, *Collier on Bankruptcy* ¶ 362.10 (15th ed. 1985).

4. Courts have modified or lifted the section 362(a) automatic stay to permit the continuance of a civil suit involving a debtor where (1) no "great prejudice" to either the debtor or the bankruptcy estate would result from the continuance of the civil action; and (2) the hardship to the plaintiff caused by the continuance of the stay considerably outweighs the hardship caused to the debtor by modification of the stay. *Holtkamp v. Littlefield (In re Holtkamp)*, 669 F.2d 505, 508 (7th Cir.1982); *In re McGraw*, 18 B.R. 140, 142 (Bankr.W.D.Wis.1982).

5. Resolution of the issues involved in Plaintiff's claim would not involve or require the specialized expertise of a bankruptcy tribunal.

6. The liquidation of Plaintiff's claim may be more conveniently determined in a bankruptcy tribunal pursuant to section 502 of the Bankruptcy Code, 11 U.S.C. § 502, in conjunction with the liquidation of the multitude of similar asbestos-related claims which pend against the Debtors.

7. There is no dispute in the record that Debtor's insurance carriers have refused to supply insurance coverage with reference to asbestos-related tort and wrongful death litigation asserted against the Debtor.

8. "The facts of each request [for relief from the automatic stay] will determine

whether relief is appropriate under the circumstances." H.R.Rep. 95–595, 95th Cong., 2d Sess. 344, *reprinted in* 1978 U.S. Code Cong. & Ad News 5787, 5963, 6300. The Court is obliged to consider the facts of Plaintiff's request for relief from the stay, within the context of the entire UNR bankruptcy litigation. The Court considers the fact that this bankruptcy litigation has now entered its third year.

9. Debtors' Chapter 11 case revolves around the ultimate disposition of Debtors' asbestos-related tort and wrongful death liability to past, present and future asbestos disease victims. Debtors' insurance carriers have disputed their liability for damages and litigation costs associated with these claims. If the Court were to allow Plaintiff's request for relief from the stay, Debtors would be required to defend themselves from Plaintiff's claim in a foreign court using funds which would otherwise be available for distribution to all of Debtors' creditors in a plan or plans of reorganization. If the Court were to allow Plaintiff's request for relief from the stay, the Court could not, in fairness, deny such relief to other identically situated parties.

10. "The purpose of the automatic stay is to preserve what remains of the debtor's insolvent estate and to provide a systematic equitable liquidation procedure for all creditors, secured as well as unsecured, [citation], thereby preventing a 'chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts.'" *Holtkamp v. Littlefield (In re Holtkamp)*, 669 F.2d 505, 508 (7th Cir.1982). Under all the circumstances of this case, the Court considers that the allowance to Plaintiff of relief from the automatic stay would be inconsistent with the fundamental policies which underlie section 362(a) of the Bankruptcy Code.

11. Plaintiff's presentation in support of its Complaint for Relief from Automatic Stay is insufficient to establish the existence of sufficient "cause" for the entry of relief from the section 362(a) automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code. 11 U.S.C. § 362(d)(1). Debtors' presentation in opposition to Plaintiff's Complaint For Relief From Automatic Stay is sufficient to establish their continued entitlement to the protections afforded by the section 362(a) automatic stay.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Complaint For Relief From Automatic Stay filed by Plaintiff, FRANCES CLOSE, against Debtors, UNR INDUSTRIES, INC., be, and the same is hereby denied.