In re Edward Albert **TURNER, Jr.,** dba Castlewood Kennels, Debtor.

**Bankruptcy No. 584–501.**

United States Bankruptcy Court, N.D. Ohio.

Nov. 13, 1985.

Richard Guster and Douglas Talley, Akron, Ohio, for movants.

Mack D. Cook II, Morris Laatsch, Akron, Ohio, for debtor.

Jerome Holub, Akron, Ohio, Chapter 13 trustee.

Ronald Towne, Akron, Ohio, for Bank One of Akron.

## FINDING AS TO RELIEF FROM STAY

H.F. WHITE, Bankruptcy Judge.

On September 26, 1985 Bank One of Cleveland, N.A., and Bank One of Akron, N.A. (hereinafter referred to as the "Banks") filed a motion for relief from the automatic stay pursuant to 11 U.S.C. section 362(d). The motion was duly scheduled for hearing and the debtor appeared with counsel opposing the motion.

The court finds that the debtor, Edward Albert Turner, Jr., filed a chapter 13 proceeding in this court on May 1, 1984 and that Bank One of Akron and Bank One of Ravenna were duly scheduled as unsecured creditors in the petition. Bank One of Ravenna was acquired by Bank One of Akron through an acquisition and merger. The chapter 13 plan was confirmed by this court on January 18, 1985 and Bank One of Akron, aka Bank One of Ravenna, filed four proof of claims on July 31, 1984. The claims were filed through its attorney, Ronald N. Towne.

The debtor has been making payments into the plan as confirmed by the court which provided for the payment of five percent to unsecured creditors over a period of three years. The court further finds from the testimony presented that the debtor, Edward Albert Turner, Jr., was employed as a loan officer of Bank One of Ravenna. Some time after the merger, on or about October 6, 1983, the debtor was discharged from his position as a loan officer. The reason given for the dismissal was his approval of several bad loans.

On August 12, 1985, the Banks filed in the United States District Court for the Northern District of Ohio at Cleveland, Ohio complaint No. C85–2266A for civil RICO claims against 15 or more defendants, including Edward Albert Turner, Jr., the debtor. In the same district court action this court granted relief from stay to the Banks so that they could proceed against the debtors, Carolyn J. Strouse; Western Reserve Saddlery, Inc.; and W.R.S., Inc. in the district court action. On September 9, 1985 the debtor filed a motion with the district court to dismiss the RICO action, and also a motion to dismiss said proceedings because of the automatic stay as provided for under 11 U.S.C. section 362(a)(1). In support of this motion there were several affidavits filed with the district court. Because of the bankruptcy case pending before this court and the motion for relief from stay filed by the creditors on September 26, 1985 in this court, the district court is withholding ruling upon

the motions pending in that court until this court makes a determination as to whether relief from stay should be granted.

The court finds that the creditors do have a blanket bond with The Buckeye Union Insurance Company, Bond No. 24 91 00, Movant's Exhibit A. Movant's Exhibit A is a fidelity bond covering officers and employees of the creditors and the debtor was one of the officers of the creditors covered by the bond. The creditors allege that it is necessary that they be allowed to proceed against the debtor in the case filed in the district court and obtain judgment against the debtor in order that they may obtain recovery on the fidelity bond. The creditors indicate to the court that they do not intend to proceed against the debtor for the deductible on the bond or otherwise against the estate of the debtor. They would look exclusively to the bonding company for any judgment obtained.

The court did admit into evidence documents 1 through 6 presented to the court as to the action pending in the United States District Court, case No. C85–2266A. It is alleged by the creditors that the RICO actions in the district court were not discovered until they were required to defend a RICO action brought in 1984 against the creditors by various defendants in a state court proceedings. The action was subsequently dismissed by the state court.

## ISSUE

Whether the stay imposed by 11 U.S.C. section 362(a) should be modified to permit the Banks to prosecute their civil RICO action against the debtor as filed in the United States District Court for the Northern District of Ohio, Eastern Division, Case No. C85–2266A?

## DISCUSSION OF LAW

The creditors request a lifting or modification of the automatic stay pursuant to 11 U.S.C. section 362(d)(1):

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such

as by terminating, annulling, modifying, or conditioning such stay—

(1) *for cause*, including the lack of adequate protection of an interest in property under subsection (a) of this section of such party in interest.

(Emphasis supplied). The creditors have stipulated in their brief and at the hearing that as plaintiffs in the district court action they request relief from stay only for the purpose of obtaining a finding of liability against the debtor, and not for any purpose of recovering any such debt as a personal liability of the debtor, or from the property of the debtor. *See* Banks' Memorandum In Support of Motion for Relief From the Automatic Stay at 1–2. They are attempting to establish in that action the liability of the debtor according to a civil RICO theory of liability, and subsequently, recover on a fidelity bond from which they will seek indemnity. *See* Racketeer Influence and Corrupt Organization Act codified at 18 U.S.C. sects. 1961 *et seq.* and 18 U.S.C.A. sect. 1964 (West 1984).

Although Bank One of Ravenna has filed four proofs of claim against the debtor in this chapter 13 case, neither it nor its successor, Bank One of Akron, N.A., nor Bank One of Cleveland, N.A., have filed any proofs of claim for the alleged RICO violations of the debtor in his bankruptcy case. They are now time-barred from doing so. The kind of misconduct which the Banks assert against the debtor in the district court action is dischargeable upon completion by the debtor of all payments under the confirmed plan. 11 U.S.C. sect. 1328(a). It would be only upon the granting of a hardship discharge that the Banks could raise the spectre of nondischargeability of that alleged debt. 11 U.S.C. sect. 1328(c)(2).

At least two bankruptcy courts have considered the issue of whether the automatic stay should be modified to permit plaintiffs to proceed in district court on their RICO, and other claims, against the debtor. In *In re Humphreys Pest Control Co., Inc.*, 35 B.R. 712 (Bankr.E.D.Pa.1984) the court

granted movants modification of the stay so that they could continue litigation against the debtors in district court on claims of RICO violations, securities and common law fraud. It placed great reliance on judicial economy. If the bankruptcy court heard the claims of the movant, its jurisdiction would be limited to making findings of fact and conclusions of law not binding on the district court. The *Humphreys Pest Control* court noted that the legislative history to section 362(d)(1) indicates that it is sometimes more advantageous to allow an action to proceed in a tribunal other than the bankruptcy court:

> Nevertheless, it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

35 B.R. at 714 (quoting H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 341 (1977)), U.S. Code Cong. & Admin.News 1978, p. 5787. The court modified the stay but prohibited the movants from executing on the judgment without further approval of the court. *See also, In re Harris,* 7 B.R. 284, 6 Bankr. Ct. Dec. 1166 (S.D.Fla.1980).

In *In re Hoffman,* 33 B.R. 937 (Bankr.W. D.Okla.1983) plaintiffs who in a district court action sought recovery for violations of securities law and RICO violations applied to the bankruptcy court for a modification of the automatic stay to so proceed with their actions. The court lifted the stay noting that it lacked jurisdiction over several of the debtor's codefendants in the district court action, and that under the *Northern Pipeline* decision (and before the enactment of the recent Bankruptcy Code amendments) it could not conduct a jury trial for which demands had been made by plaintiffs. The debtor's cost of defending the district court litigation was not outweighed by an even greater prejudice to plaintiffs in requiring them to proceed in two forums. *Id.* at 941. The court modified the stay so that the plaintiffs could proceed with their litigation against the debtor in district court, and deferred its determination of the dischargeability of the subject debt until the district court determined liability.

■ The argument of judicial economy is well-taken in the instant case. The predicate acts of civil RICO liability require the use of interstate commerce. 18 U.S.C.A. sect. 1962 (West 1984). This court lacks jurisdiction over most of the other codefendants of the debtor in the district court litigation. Since the Banks failed to timely file proofs of claim regarding the alleged RICO violations of the debtor, there is not even a claim before this court. If this court were petitioned to make a determination of the alleged fraud and RICO violations of the debtor, its review would be limited to proposed findings of fact and conclusions of law to be submitted to the district court. 28 U.S.C. sect. 157(c)(1). It would have no jurisdiction to determine the liability of the bond company to the Banks. Any consideration of the civil RICO claim of the Banks against the debtor would be subject to mandatory withdrawal. 28 U.S.C. sect. 157(d). The ultimate determinations of the liability of the debtor and the bond company would be made by the district court.

■ This case is not unlike those cases which hold that relief from stay should be granted to enable the claimant to establish the liability of the debtor in another forum so that he may recover for damages on an insurance policy or indemnity bond. "Where the claim is one covered by insurance or indemnity, continuation of the action should be permitted since hardship to the debtor is likely to be outweighed by hardship to the plaintiff." 2 *Collier On Bankruptcy,* para. 362.07[3] (15th ed. 1985). Modification of the automatic stay should be granted where creditors agree not to seek enforcement of any judgment award against the debtor, but seek recovery from debtor's former employer under the doctrine of respondent superior. *In re McGraw,* 18 B.R. 140 (Bankr.W.D.Wisc. 1982). The stay may be modified to permit

the continuance of a civil suit if no great prejudice to either the estate or the debtor results, and if the hardship to the plaintiff by continuance of the stay outweighs the hardship to the debtor by a modification of the stay. *Id.* at 141–142. The scale in the instant case balances in favor of the Banks. Any prejudice to the debtor and his estate by a finding of liability in the district court action may be obviated by this court's order limiting relief from stay for the sole purpose of obtaining a finding of liability, and prohibiting any act of the Banks to collect, recover, or offset any such debt as a personal liability of the debtor, or from property of the debtor. The debtor does not argue that the cost of defending is of such great prejudice to bar modification of the stay and that cost alone is not of such great prejudice to bar lifting of the stay. *Id.* at 142 and *In re Steffens Farm Supply, Inc.,* 35 B.R. 73 (Bankr.N.D.Iowa 1983).

The Banks urge that they must first secure a finding of debtor's liability before they can collect on the fidelity bond. To deny modification of the stay would be to deny the Banks recovery on the bond. To allow modification of the stay would be to prevent such a windfall to the insurance company. The equities balance in favor of modification of the stay.

The burden of proof in stay litigation is governed by 11 U.S.C. section 362(g):

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—
>> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>> (2) the party opposing such relief has the burden of proof on all other issues.

The Banks established a legally sufficient basis for relief from stay. The debtor failed his burden. The debtor's arguments regarding the legal sufficiency of the pleading of a civil RICO case, dollar sums claimed as damages for the alleged RICO violation, and the applicability of the bond coverage are all issues which may be raised in the district court action. They do not suffice to meet the debtor's burden of proof for continuance of the stay.

A separate order in accordance with this Finding shall be issued.