### In re STRANAHAN GEAR COMPANY, INC., Debtor.

**Bankruptcy No. 84–01293T.**

United States Bankruptcy Court, E.D. Pennsylvania.

Dec. 8, 1986.

Michael E. Scullin, Philadelphia, Pa., for Blue Streak Ind., Inc.

## OPINION

DAVID A. SCHOLL, Bankruptcy Judge.

The significant issue before the Court in this matter is the allocation of the burden of proof between the Moving Party and the Debtor in a Motion seeking relief from the automatic stay pursuant to 11 U.S.C. § 362(d). Because we believe that the Moving Party has an initial burden to establish cause for relief under § 362(d), irrespective of the presence of 11 U.S.C. § 362(g)(2), and that the Moving Party has failed to meet that initial burden here, we shall deny the Motion.

On April 19, 1984, the Debtor, STRANA-HAN GEAR COMPANY, INC. (hereinafter referred to as "the Debtor"), filed this Chapter 11 case in this Court's Reading Division. Without first seeking the relief under § 362(d) now sought in this Motion, the Moving Party, BLUE STREAK IN-DUSTRIES, INC. (hereinafter referred to as "the Moving Party"), filed a Complaint for Damages entitled *Blue Streak Industries, Inc., v. N.L. Industries, Inc. and Stranahan Gear Company, Inc.*, Civil Action No. 84–3459, in the Eastern District of Louisiana on July 13, 1984. The Debtor is, of course, a co-Defendant, and damages of $1,657,061.64 were sought against both Defendants.

On September 5, 1986, apparently due to the fact that this Louisiana action was scheduled for trial, the Moving Party suddenly decided to seek relief pursuant to § 362(d). On September 24, 1986, the Debtor filed an Answer opposing this Motion. On October 24, 1986, while the undersigned was sitting in the Reading Division due to the temporary disability of Bankruptcy Judge Thomas M. Twardowski, who normally sits in this situs, the matter came before the Court for a hearing on the Motion.

The Moving Party, except for entering a copy of the aforementioned Complaint into the record, offered no evidence and rested. The Debtor, while opposing the Motion, did not offer to present any evidence, either. The Moving Party then, citing to 11 U.S.C. § 362(g) and the holding of Judge King of this Court in *In re Humphreys Pest Control Co.*, 35 B.R. 712 (Bankr.E.D.Pa.1984), claimed it was entitled to relief because the Debtor had failed to carry its burden of proving that the stay should continue.

The Court expressed surprise that this Moving Party and the Louisiana Court would be proceeding in that matter over the course of the past two (2) years when no relief from the stay had been granted. Expressing skepticism that anything in the Code or in the *Humphreys* case stood for what the Moving Party asserted that it did, i.e., that the Moving Party must succeed, hands down, in its Motion given the present posture of the record, the Court gave the Moving Party the option of a continuance to a hearing date where it could present evidence coupled with an order requiring it to immediately dismiss the Louisiana action as to the Debtor pending a final decision on the Motion, or standing on its contention that the *Humphreys* case commanded a result in its favor based on the present record. The Moving Party opted for the latter. This Court then entered an Order of October 28, 1986, stating the Motion, the Answer, and the Louisiana Complaint would constitute the record in this matter,

reiterating a mild reminder that, irrespective of the fact that dismissal of the Louisiana action would not be ordered at this time, the stay remained in effect; and a directive that the parties file Briefs in support of their respective positions on or before November 10, 1986, and November 20, 1986.

The record before us is therefore very sparse. There are virtually no uncontested facts. The Louisiana Complaint avers that the Moving Party has a warranty case against N.L. Industries, Inc. and the Debtor for selling and manufacturing seventeen (17) defective gear boxes purchased by the Moving Party, resulting in the alleged damages of $1,657,061.64, for which recovery was sought against both Defendants. The Moving Party alleged, in its Motion that the "interest of judicial economy" would be served by determining the liability of both defendants "in one forum to prevent inconsistent results and bring about an expeditious resolution" of its claims in "its place of orgin [sic], . . ." On its part, the Debtor alleged, in its Answer, that judicial economy would be served by requiring the Moving Party to resort to the bankruptcy claims procedure and that continuation of the Louisiana litigation "will constitute a cloud over the Plan of Reorganization which is in the process of being voted upon at the present time."

The starting points for our discussion are 11 U.S.C. §§ 362(d) and 362(g), which provide as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization. . . .

.    .    .    .    .

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues. . . .

We must observe, as we did in our recent Opinion in *In re Adams*, 65 B.R. 646, 648 (Bankr.E.D.Pa.1986), that the automatic stay is " 'one of the most fundamental debtor protections provided by the bankruptcy laws,' " *Midlantic National Bank v. New Jersey Department of Environmental Protection*, —— U.S. ——, 106 S.Ct. 755, 761, 88 L.Ed.2d 859, 867 (1986) (quoting S.Rep. No. 95–989, p. 54; H.R. Rep. No. 95–595, p. 340 (1977); U.S.Code Cong. & Admin.News 1978, pp. 5787, 5840, 5963, 6296), and hence can be compromised only when good reason exists to do so.

We are therefore unable to agree that *Humphreys*, or any other bankruptcy decision, requires the Debtor to put on evidence to withstand a § 362(d) Motion just because such a Motion has been filed and is listed for a hearing, irrespective of the presence of § 362(g). In fact, *Humphreys* states that, although § 362(g) does place a burden of proof upon the Debtor, it is only "to refute allegations of cause" which must be initially put forward upon the record by the moving party. 35 B.R. at 713.

The most reflective decision on the issue of the burden of proof on a § 362(d) Motion appears in Judge Gibbons' Opinion in *In re Kane*, 27 B.R. 902 (Bankr.M.D.Pa.1983). In that decision, Judge Gibbons states as follows:

[A] party seeking relief under § 362(d)(1) must first establish a prima facie case for relief since relief can only be afforded "for cause." Furthermore, when a

party seeking relief under § 362(d)(1) predicates his claim on the debtor's equity or lack of equity in an article of property, the creditor must bear the burden of proof on the issue of that equity due to § 362(g). When the creditor establishes this prima facie case, it is then the debtor's obligation to come forward with evidence that the creditor's position is adequately protected. *Id.* at 905.

The pronouncements in *Kane* have been reiterated by many other courts, by numerous decisions of this Court, and by Collier. In the course of a lengthy Opinion in *In re Curtis,* 40 B.R. 795, 802–03 (Bankr.D.Utah 1984), the Court "holds that one who seeks relief from the automatic stay must, in the first instance, establish a legally sufficient basis, *i.e.,* cause, for such relief." *See also, e.g., In re Compass Van and Storage Corp.,* 61 B.R. 230, 234 (Bankr.E.D.N.Y. 1986); *In re UNR Industries, Inc.,* 54 B.R. 270, 272; 54 B.R. 266, 268; and 54 B.R. 263, 265 (Bankr.N.D.Ill.1985); and *In re Rye,* 54 B.R. 180, 182 (D.S.C.1985). Similarly, Chief Judge Goldhaber of this Court has stated, in *In re Tursi,* 9 B.R. 450, 453 (Bankr.E.D.Pa.1981):

> Although under § 362(g) the debtor has the burden of proof on the issue of "cause," the [moving party] has the burden of going forward with evidence in the first instance to establish that there are some facts to support its allegations of "cause."

*See also, e.g., In re Gallagher,* 43 B.R. 410, 412 (Bankr.E.D.Pa.1984) (per KING, J.); and *In re Winslow Center Associates,* 32 B.R. 685, 687 (Bankr.E.D.Pa.1983) (per GOLDHABER, CH. J.). Collier similarly states as follows:

> the Code ... [requires] a showing of cause by the party requesting relief under section 362(d)(1) and then in section 362(g) plac[es] the burden of proof (risk of non-persuasion) on the party opposing relief for all issues other than that of "the debtor's equity in property." 2 COLLIER ON BANKRUPTCY, ¶ 362.10, at 362–65 (15th ed. 1986).

The Moving Party here is therefore in error in its assumption that, because the Debtor has produced no evidence, it is thereupon *ipso facto* entitled to relief from the stay. Rather, the relevant law on such matters establishes that, before relief from the stay can be considered, the Moving Party first had the burden of showing "cause" for relief. Therefore, in the all too typical instance in our Court, which has played out in this case, where the "record" presented is limited to arguments of counsel and no evidence is presented, it is the *Debtor* rather than the party seeking relief from the stay who must prevail. To the extent that *Humphreys* can be said to hold to the contrary, this Court must regretfully state that the *Humphreys* is out of step with the weight of authority, even other decisions of Judge King himself, not to mention those of Chief Judge Goldhaber of this Court, and will not be followed here. Hence, irrespective of what reasons the Moving party here might have which, if proven, could establish "cause" for relief from the stay, the state of the present record leaves no recourse but to deny its Motion.

We do note that, even had the Moving Party presented evidence to totally support all of the allegations in its Motion, it is doubtful whether relief from the stay would have been granted to it here. Clearly, it is not a secured party, and, while it may not be absolutely necessary to be a secured party in order to establish "cause" under § 362(d), *see In re Holtkamp,* 669 F.2d 505, 507–08 (7th Cir.1982), that status is frequently, as a practical matter, a precondition for such relief. *See First National Bank of Denver v. Turley,* 705 F.2d 1024, 1027 (8th Cir.1983); and *In re Schmid,* 53 B.R. 70, 71 (Bankr.E.D.Pa. 1985) (per GOLDHABER, CH. J.).

We note that, in most of the cases in which unsecured creditors have been granted relief, two (2) factors have coalesced: (1) the Debtor has engaged in some morally culpable conduct which the moving party seeks to undo in a court action; and (2) the creditor does not seek to pursue assets of the estate or is prohibited from doing so,

although given relief to pursue certain remedies against the debtor. *See In re Turner,* 55 B.R. 498 (Bankr.N.D.Ohio 1985) (RICO action against Debtor in which creditors agreed to look only to bonding company for payment); *Humphreys, supra* (insiders of Debtor accused of fraud and stay of execution on any judgment continued); *In re Larkham,* 31 B.R. 273 (Bankr.D.Vt. 1983) (Plaintiff entitled to proceed to obtain exclusively injunctive relief against Debtor in discrimination suit).

■ Several factors militate strongly against the allowance of any relief in this case—or in any but the most extraordinary set of circumstances—where the moving party is an unsecured creditor. First is the need to maintain all proceedings relevant to the debtor and his estate in a single forum convenient to the Debtor, particularly in a large corporate Chapter 11 case, since subjection of the Debtor to cases in distant or diverse forums may prove disruptive of the reorganization effort. We have noted that same principal in our previous decisions in other contexts. *Cf. In re T.D.M.A., Inc.,* 66 B.R. 992 (E.D.Pa., 1986) (ERISA claims must be resolved in bankruptcy claim procedure rather than in arbitration otherwise mandated by statute); and *In re American International Airways, Inc., Begier v. Cleveland Pneumatic,* 66 B.R. 642 (Bankr. E.D.Pa., 1986) (venue remains in bankruptcy court unless balance of convenience weighs strongly in favor of party seeking transfer.) *See also In re Leonard,* 51 B.R. 53 (Bankr.D.D.C.1985) (relief from stay to pursue case in district court not allowed because court finds Debtor must devote full-time energies to bankruptcy case); and *In re General Oil Distributors, Inc.,* 33 B.R. 717 (Bankr.E.D.N.Y.1983) (creditor not permitted relief from stay to pursue Texas litigation against debtor filing bankruptcy in New York).

■ In the instant case, the Moving Party proposes to drag the Debtor into a distant forum, from Pennsylvania to Louisiana, to pursue an action which, in light of the automatic stay, never should have been filed against the Debtor in the first place and is, accordingly, void, *see, e.g., Kalb v. Feuerstein,* 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940); *Borg-Warner Acceptance Corp. v. Hall,* 685 F.2d 1306, 1308 (11th Cir.1982), even if the stay had never been invoked by the Debtor. *See Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.,* 682 F.2d 446 (3d Cir.1982). The Moving Party is not a secured party, it has made no allegation of morally culpable conduct by the Debtor, and it has made no concessions to forego execution upon its judgment against the Debtor.

In sum, there is absolutely no merit to the Motion in issue, and it will be denied in an accompanying Order.