In re SONNAX INDUSTRIES, INC., Debtor.

SONNAX INDUSTRIES, INC., Plaintiff,

v.

TRI COMPONENT PRODUCTS, CORPORATION, Defendant.

Civ. A. No. 89–6.

United States District Court, D. Vermont.

May 1, 1989.

Potter Stewart, Jr., Kristensen, Cummings, Murtha & Stewart, Brattleboro, Vt., for Sonnax Industries.

John Canney, III, Carroll, George & Pratt, Rutland, Vt., for Tri Component.

## OPINION AND ORDER

BILLINGS, Chief Judge.

Hearing was held on April 10, 1989 on defendant's motion to dismiss this civil antitrust action. This matter began as an adversary proceeding in the Bankruptcy Court related to the underlying bankruptcy petition captioned *In re Sonnax Industries, Inc.*, Bankr.Case No. 88–00068 (Bankr.D.Vt.). The case is here following our withdrawal of reference pursuant to 28 U.S.C. 157(d). We also take up defendant's motion to modify stay that has been pending in the underlying bankruptcy case, pursuant to Judge Conrad's March 14, 1989 order transmitting the motion to the district court for decision. At the hearing, the parties agreed that this Court should hear and determine the motion to modify stay, and thus the Court, on its own motion, will partially withdraw the reference in the underlying bankruptcy case for the limited purpose of deciding this motion. *See* 28 U.S.C. § 157(d) (district court may withdraw a case or proceeding "in whole or *in part* ") (emphasis added).

### Defendant's Motion to Dismiss

Defendant's motion, as originally filed in the Bankruptcy Court on December 8, 1988, raises three grounds for dismissal: (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction over defendant, and (3) improper venue. At the hearing, defendant conceded, not surprisingly, that the Court has subject matter jurisdiction over this civil antitrust action. *See, e.g.,* 28 U.S.C. § 1337. In addition, personal jurisdiction is not truly at issue because if venue is proper, defendant would be subject to nationwide service of process under either Bankruptcy Rule 7004(d) or under the Clayton Act, 15 U.S.C. § 22. Accordingly, we turn to the issue of venue.

Section 12 of the Clayton Act provides that antitrust actions against corporations "may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business". 15 U.S.C. § 22. When this test is satisfied, the section allows for nationwide service of process, in effect eliminating any personal jurisdiction inquiry. Defendant is a New York corporation with its principal place of business in the Bronx, New York; under section 12 venue would be proper here only if defendant "transacts business" in Vermont.

■ The test for transaction of business is a practical, common-sense test. Any "substantial character" of business will satisfy the venue provision. *Banana Distributors, Inc. v. United Fruit Co.*, 269

F.2d 790, 794 (2d Cir.1959). Purchases, as well as sales, may suffice, *Frederick Cinema Corp. v. Interstate Theatres Corp.*, 413 F.Supp. 840, 843 (D.D.C.1976), as long as the sum total of activity amounts to "the practical, everyday business or commercial concept of doing or carrying on business 'of any substantial character' ". *United States v. Scophony Corp.*, 333 U.S. 795, 807, 68 S.Ct. 855, 862, 92 L.Ed. 1091 (1948). Fewer local contacts are needed to establish "transacting business" under section 12 than would be needed to establish "doing business" for ordinary jurisdictional purposes. *See Friends of Animals, Inc. v. American Veterinary Ass'n*, 310 F.Supp. 620, 622 (S.D.N.Y.1970).

█ In this case, plaintiff does not dispute that defendant's only transactions in Vermont were two isolated purchases from plaintiff, involving less than $5,000 in merchandise. These transactions have no connection with the antitrust violations alleged in the complaint. These isolated and unrelated incidents do not give rise to venue under section 12. *E.g., King v. Johnson Wax Assoc.*, 565 F.Supp. 711, 716 (D.Md. 1983); *Albert Levine Assoc. v. Bertoni & Cotti*, 309 F.Supp. 456, 459–60 (S.D.N.Y. 1970). As such, had this action been commenced independently of a bankruptcy case, venue would be improper. We must consider, however, whether the bankruptcy venue provisions allow the suit to remain in this district.

█ Section 1409(a) of Title 28, United States Code, provides as follows:

> Except as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending.

There is no question here that this antitrust case is "related to" the underlying bankruptcy case; defendant here is an unliquidated creditor of the plaintiff-debtor Sonnax, who has filed a claim in the bankruptcy case. The facts giving rise to defendants claim against the debtor are inextricably intertwined with the allegations of the antitrust complaint.

Defendant argues, however, that subsection (c) of section 1409 *requires* the matter to be brought only under "applicable non-bankruptcy venue provisions." [1] Assuming, without deciding, that this antitrust matter is in effect a section 541 case—thus invoking subsection (c)—section 1409(c) does not *require* such actions to be brought under non-bankruptcy venue provisions, but rather states that they "may" be. Subsection (c) must be read in conjunction with subsection (a), which, as noted, states that related cases "may" be commenced in the district court in which the bankruptcy case is pending. There is nothing in subsection (a) or (c) that requires (c) to take precedence over (a). A suit brought by debtor's trustee pursuant to 11 U.S.C. § 541 is surely "related to" the bankruptcy case; venue is thus proper under either subsection (a) or (c) of section 1409. The section provides a choice in such cases; the action "may" be brought in the same district as the bankruptcy case, or it "may" be brought under applicable non-bankruptcy venue provisions.

This result makes sense in light of the other provisions of section 1409. Subsection (b) provides that suits to recover smaller claims by the bankruptcy trustee may be brought "only" in the district where the defendant resides. Subsection (d) provides that claims arising after the commencement of the bankruptcy case may "only" be brought pursuant to non-bankruptcy venue provisions. In situations where subsections (b) or (d) apply, subsection (a), by its own terms, does not apply. The "except as

---

1. Subsection (c) of Section 1409 reads as follows:

   Except as provided in subsection (b) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case as statutory successor to the debtor or creditors under section 541 or 544(b) of title 11 in the district court for the district where the State or Federal court sits in which, under applicable non-bankruptcy venue provisions, the debtor or creditors, as the case may be, may have commenced an action on which such proceeding is based if the case under title 11 had not been commenced.

   28 U.S.C. § 1409(c).

otherwise provided" clause of section 1409(a) is inapplicable in this case, however, as subsections (b) and (d) are clear inapposite, and subsection (c) does not affect the applicability of the subsection (a) venue provision. Taken as a whole, section 1409 reflects Congress's judgment that debtors would have to recover small claims only in the defendants' home districts; that claims arising after the bankruptcy petition should be handled without regard to the pendency of the bankruptcy case; but that related claims arising before the bankruptcy filing could be handled either under non-bankruptcy venue provisions or in the district of bankruptcy.

■ We conclude that section 1409(a) does allow venue to be laid in this district, as the matter is related to a bankruptcy case now pending in this district and the claims alleged arose prior to the filing of bankruptcy. This still leaves the question whether section 1409 supplements the venue that would otherwise be available under section 12 of the Clayton Act, or rather, whether section 12 restricts the applicability of section 1409.

Plaintiff argues that section 1409 broadens available venue to prevent bifurcation of claims in cases such as this. Defendant counters that section 12 takes precedence because it is the more specific venue provision, with section 1409 being more general. Defendant also argues that although section 1409 was enacted after the Clayton Act, it does not repeal section 12 by implication. There do not appear to be any cases addressing the interrelation of 15 U.S.C. § 22 and 28 U.S.C. § 1409(a).[2] Nor does the legislative history provide any guidance. *See* 1984 U.S.Code Cong. & Ad-

min.News 576–606 (reprinting statements of legislative leaders; no House or Senate reports were submitted along with Pub.L. No. 98–353, 98 Stat. 333 (July 10, 1984), and the House Conference Report does not contain a Joint Explanatory Statement, *see* H.R.Conf.Rep. No. 882, 98th Cong., 2d Sess. (1984)).

We agree that section 1409 does not repeal the Clayton Act venue provisions by implication. Nonetheless, we think that the two provisions can peacefully coexist. Venue provisions generally address matters of convenience and efficiency; the Court's jurisdictional power itself is not called into question. In this case, nationwide service of process is provided under both the bankruptcy and the antitrust provisions. There is no question that plaintiff can sue defendant in federal court; the only question is in which courthouse. Both provisions aim to broaden the possible choices of venue. The purpose of the Clayton Act provision is to enable the injured plaintiff to sue for redress in its home district rather than be forced to litigate in a distant forum where the defendant resides. *E.g., Scophony Corp.,* 333 U.S. at 806–07 & n. 16, 68 S.Ct. at 861–62 & n. 16; *Eastland Const. Co. v. Keasbey and Mattison, Co.,* 358 F.2d 777, 780 (9th Cir.1966). Likewise, the bankruptcy venue provisions give parties a wide choice of available venues, allowing, but not requiring, the consolidation of most related matters in one district. These provisions need not be viewed as conflicting, but rather as merely providing additional choice. We note that neither provision uses language of exclusivity. Section 1409(a) uses the word "may"; section 12 uses the words "not only ... but

2. Defendant cites as support *Neese v. First National Bank of Grayson,* 12 B.R. 968, 971 (Bankr. W.D.Va.1981). *Neese* takes up a conflict between 28 U.S.C. § 1471 (rendered ineffective by Pub.L. No. 98–353, § 113, 98 Stat. 343 (June 27, 1984)), a predecessor to section 1409, and the venue provisions of the National Bank Act, 12 U.S.C. § 94. The court considered that the bankruptcy venue provision was more general, and thus the National Bank Act provision controlled. *Neese* is distinguishable, however, because the National Bank Act's venue provision had long been considered "mandatory and ex-

clusive." *See Radzanower v. Touche–Ross & Co.,* 426 U.S. 148, 152, 96 S.Ct. 1989, 1992, 48 L.Ed.2d 540 (1976). Thus, even if *Neese* were controlling precedent, we would find it inapplicable here. Interestingly, the *Neese* court retained venue of that case—despite finding the National Bank Act provision mandatory and exclusive—on the basis of 28 U.S.C. § 1477(a) (rendered ineffective as above) which provided that defects in venue could be ignored by bankruptcy courts when it was "in the interest of justice".

also". Neither section uses the words "only" or "must".

In addition, this is not merely an antitrust matter, brought pursuant to section 4 of the Clayton Act, but also a case related to an ongoing bankruptcy proceeding in this district with ramifications therein. The outcome of this case may be of critical importance to the debtor's estate; this action is substantially intertwined with defendant's state court action against the debtor and also with the debtor's request for disallowance or estimation of defendant's claim in the bankruptcy court. As such, application of section 1409(a) would further the purpose of the bankruptcy venue provisions in bringing related claims together in one district to the maximum extent possible. Declining application of section 1409(a), on the other hand, would not further the purposes of section 12 of the Clayton Act. That provision's non-mandatory language aimed to widen, rather than narrow, the choices of venue.

On balance, we conclude that venue is proper in this district. Reasonably construed, the statutes allow it, and judicial economy, and convenience of the parties and witnesses all militate in favor of this being an appropriate venue. Accordingly, defendant's motion to dismiss is DENIED.

### Defendant's Motion to Modify Stay

■ Creditor Tri Component Products Corporation seeks to lift the automatic stay to continue litigation commenced in state court in New York. Section 362(d)(1) of the Bankruptcy Code entitles a party to relief from stay for "cause". "Cause" is not defined, but rather is left to the determination of the Court under all the facts and circumstances of the case, taking into account the purposes of the automatic stay, the behavior of the parties, considerations of judicial efficiency, and the balance of hardships involved.

We have considered all relevant factors in assessing the appropriateness of grant-

ing relief from stay as set forth in, *e.g., In re Curtis,* 40 B.R. 795, 799–800 (Bankr.D. Utah 1984); *In re Larkham,* 31 B.R. 273, 276 (Bankr.D.Vt.1983); and *In re Cherry,* 78 B.R. 65 (Bankr.E.D.Pa.1987). On balance, we think that Tri–Component Products has not shown sufficient "cause" to lift the stay. As an unsecured creditor, Tri Component would not be entitled to relief except in extraordinary circumstances. *In re Stranahan Gear Co.,* 67 B.R. 834, 837–38 (Bankr.E.D.Pa.1986). No unusual or extraordinary circumstances are present here, bearing in mind that the process of determining the allowance of claims is central to the usual function of the Bankruptcy Court in supervising the administration of the bankruptcy estate. *See Gardner v. New Jersey,* 329 U.S. 565, 573–74, 67 S.Ct. 467, 471–72, 91 L.Ed. 504 (1947); *Curtis,* 40 B.R. at 800–81.

We do not believe that Tri Component has made a sufficiently clear showing of "morally culpable conduct" to meet the *Stranahan Gear* test, nor is it apparent that the debtor merely seeks to obtain a tactical advantage in the pending litigation, *see, e.g., In re Wally Findlay Galleries,* 36 B.R. 849 (Bankr.S.D.N.Y.1984).[3] Tri Component has not credibly shown that it will suffer any real hardship if the stay is left in place. By contrast, the debtor may fail in its attempt to reorganize and may be driven out of business altogether if the stay is lifted. For these reasons, Tri–Component's motion to modify stay is DENIED.

### CONCLUSION

Defendant Tri–Component Product's motion to dismiss Civil Action No. 89–6 is DENIED. Tri Component shall answer the complaint as provided in Fed.R.Civ.P. 12(a) and the parties shall thereafter submit a proposed discovery schedule in full compliance with Local Rule 4(A)(I). The matter shall proceed henceforth as an ordinary civil action. Creditor Tri Component Prod-

---

**3.** As to these matters, we note that the creditor has the burden of showing good cause for relief from stay. *In re Stranahan Gear Co.,* 67 B.R. 834, 836–37 (Bankr.E.D.Pa.1986); *In re Hum-*

*phreys Pest Control Co.,* 35 B.R. 712 (Bankr.E.D. Pa.1984). On the credible evidence of record, we do not think Tri Component has carried its burden.

uct's motion to modify stay in Bankruptcy Case No. 88–00068 is DENIED. All papers regarding that motion shall be returned to the Bankruptcy Court so that progress in the bankruptcy case may resume. This Court retains jurisdiction only over those matters to which withdrawal of reference has been granted.

SO ORDERED.