**In re Patricia HALLEY**

**Civ. A. No. 86–3960.**

United States District Court,
E.D. Pennsylvania.

Jan. 28, 1987.

Jack K. Miller, Sheldon C. Jelin, James J. O'Connell, Philadelphia, Pa., for debtor.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the court is an appeal from an Order dated May 12, 1986, issued by United States Bankruptcy Judge William A. King, Jr. In that Order, Judge King granted the creditor-appellee, Maria Amaya's motion, pursuant to 11 U.S.C. § 362(d), to modify the automatic stay of proceedings against debtor-appellant, Patricia Halley. For the reasons stated herein, after full consideration of the parties' supporting legal briefs and reply briefs, appellant Halley's appeal will be dismissed.

In connection with a $3,450.00 loan to appellant, appellee is the holder of a mortgage on appellant's residence located at 5117 Viola Street, Philadelphia, Pennsylvania. Appellee's Brief at 3. The loan was made on August 12, 1982, and was to be repaid, with interest, at the expiration of one year thereafter, in twelve consecutive monthly payments beginning on September 1, 1982. Consequently, the entire obligation was to be paid in full by August 1, 1983. On September 24, 1985, appellee instituted a mortgage foreclosure action against appellant for failure to make any payments due on the mortgage. Judgment

was entered and a Sheriff's sale of the real estate was scheduled for December 2, 1985. *Id.* On November 15, 1985, appellant filed a petition under Chapter 13 of the Bankruptcy Code resulting in an automatic stay of the mortgage foreclosure proceeding. Appellant's Brief at 1. On April 9, 1986, appellee filed a motion to modify the stay of proceedings. On April 11, 1986, the bankruptcy court entered an Order requiring an answer to appellee's motion within fifteen days after service of a copy of the Order. A copy of the motion and Order were sent to appellant and appellant's counsel on April 15, 1986. Appellee's Brief at 3. One day before that, notice was sent that a hearing on appellee's motion was scheduled for May 12, 1986. On April 18, 1986, appellant filed a motion to strike appellee's motion to modify the stay of proceedings and an objection to proof of claim and counterclaim. An answer to appellee's motion to modify the stay of proceedings was not filed until May 12, 1986, the day of the hearing on that motion before Judge King. Therefore, the answer was untimely filed.

Present at the May 12th hearing were Judge King, counsel for appellant, counsel for appellee and appellee. Appellant was not at the hearing.

On May 12, 1986, after the hearing, Judge King entered an Order granting relief from the stay of proceedings pursuant to § 362(d)[1] of the Bankruptcy Reform Act of 1978. Judge King reasoned that because the court could not modify the past due mortgage instrument by extending the plan provisions, he lacked authority to stay the mortgage foreclosure proceeding. Transcript of May 12, 1986 hearing on motion to modify automatic stay ("Transcript") at page 6. On May 21, 1986, appellant filed a motion for reconsideration of the May 12, 1986 Order, but before that motion could be heard and decided, on June 9, 1986, appellant filed this appeal of that same Order. This court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a).

Appellant contends that Judge King's May 12, 1986 Order should be reversed because: (1) appellant was not served with appellee's motion for relief from the automatic stay as required by Bankruptcy Rule 7004(b)(9); (2) the bankruptcy court ignored its own scheduling procedure thereby forcing appellant to defend appellee's motion for relief without appropriate preparation; and (3) appellant was not given notice of the purported legal basis upon which appellee's motion for relief was granted and appellant was not allowed to call witnesses or to offer evidence in defense of appellee's motion for relief.

The court's scope of review in considering this appeal is as was recently discussed in *In Re: Samuel Shariyf, a/k/a Samuel Smith*, 68 B.R. 604 (E.D.Pa.1986):

Since § 362(d) "commits the decision of whether to lift the stay to the discretion of the bankruptcy judge, his decision may be overturned *only upon a showing of abuse of discretion.*" *Matter of Holtkamp*, 669 F.2d 505 (7th Cir.1982) (emphasis added). "Discretion, ... is abused when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that *discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.*" *Lindy Bros. Builders, Inc., et al. v. American Radiator & Standard Sanitary Corp., et al.*, 540 F.2d 102, 115 (3d Cir.1976) (*quoting Delno v. Market St. Ry.*, 124 F.2d 965, 967 (9th Cir.1942) (emphasis added)).

At 606.

The court finds as follows:

(1) *for cause, including the lack of adequate protection of an interest in property of such party in interest.* (Emphasis added).

---

1. 11 U.S.C. § 362(d) provides in pertinent part: (d) On request of a party in interest and after notice and a hearing, *the court shall grant relief from the stay provided under subsection (a) of this section,* such as terminating, annulling, modifying, or conditioning such stay—

1. Appellant *was* served with appellee's motion for relief from the automatic stay as required by Bankruptcy Rule 7004(b)(9) and therefore her right to due process of law was not violated. *See* Appellee's Brief at Exhibit 1 ("Certification of Service"); Transcript at pages 4 and 7.

2. The bankruptcy court did *not* ignore its own scheduling procedure as appellant contends.

 3. Appellant had notice of the legal basis upon which appellee's motion for relief was granted. Although appellant was not allowed at that time to call witnesses or to offer evidence as to the petition, plan, modified plan and the up-to-date status of the plan payments, that was not an abuse of discretion since, as Judge King correctly ruled, all of that proffered evidence was *irrelevant* in light of the court's lack of authority to alter the past due mortgage instrument by extending the plan provisions. Judge King found that the plan could not propose to cure the delinquency and provide for the mortgage because the mortgage had long since expired by its non-accelerated terms and was past due at the time the plan was filed. *See* 11 U.S.C. § 1322(b)(2).[2] Because he did not have authority to extend the terms of the mortgage agreement, Judge King found "cause" pursuant to § 362(d) to vacate the stay.

Alternatively, it would not be an abuse of discretion for Judge King to disregard appellant's untimely filed answer and therefore consider the allegations in appellee's motion as being admitted. In other words, even if the bankruptcy court was vested with the authority to modify the expired mortgage instrument so as to extend it by extending the plan provisions, there still was a proper basis for Judge King to find "cause" (*i.e.*, lack of adequate protection, 11 U.S.C. § 362(d)(1)) to grant appellee relief from the § 362(a) automatic stay. The only evidence proffered by ap-

pellant at the May 12, 1986 hearing was the petition, the plan, the "most recently modified plan" and the testimony of the Trustee's representative. None of this proffered evidence could negate the untimely answered allegations in appellee's motion as to lack of adequate protection (*i.e.*, the unpaid real estate taxes, water and sewer bills and absence of fire insurance on the house in question). Accordingly, the May 12, 1986 Order will be affirmed.

An appropriate Order will be entered.

---

2. Although there exists some difference of opinion among the courts as to 11 U.S.C. § 1322(b)(5) with regard to the curing of a default that has been accelerated prior to the

filing of a Chapter 13 petition, *Grubbs v. Houston First Amer. Sav. Ass'n,* 730 F.2d 236, 240 n. 6 (5th Cir.1984), that is not at issue here since an acceleration is not involved.