In re RONALD PERLSTEIN ENTER-
PRISES, INC., Debtor.

**Bankruptcy No. 86–01276S.**

United States Bankruptcy Court,
E.D. Pennsylvania.

March 23, 1987.

Mark A. Cuker, Philadelphia, Pa., for movants Andrew and Lisa Goodman.

Pace Reich, Philadelphia, Pa., for debtor.

## OPINION

DAVID A. SCHOLL, Bankruptcy Judge.

The instant Motion for Relief from Stay, before us for disposition on the basis of a record developed only by means of pleadings, i.e., the Motion for Relief and the Debtor's Answer thereto, obliges us to consider once again the same issues regarding the burdens of proof on such motions that we previously covered in our Opinion in *In re Stranahan Gear Co.*, 67 B.R. 834 (Bankr.E.D.Pa.1986). While we believe that the instant Motion presents, in certain respects, a closer case than did the motion which we considered in *Stranahan Gear*, we believe that the principles enunciated in *Stranahan Gear*, as applied to the instant record, require the same result: denial of the Motion. We believe that the obvious hardship to a debtor in defending against any litigation brought by an unsecured creditor in any forum other than the bankruptcy court can be offset only by a showing of substantial hardship to the creditor in being denied the right to pursue the debtor in another forum, which is absent in the instant record.

In December, 1985, ANDREW AND LISA GOODMAN, the moving parties in the Motion before us (hereinafter referred to as "the Movants"), filed a class action lawsuit against the Debtor, RONALD PERLSTEIN ENTERPRISES, INC., and the individual principal of the Debtor, RONALD PERLSTEIN, in the Court of Common Pleas of Philadelphia County, at December Term, 1985, No. 533, alleging widespread and systematic fraud by the Defendants in the sale of diamonds. On February 28, 1986, the Honorable Louis Hill of the Philadelphia Court of Common Pleas issued a discovery Order in this litigation permitting the Movants to inspect and photocopy certain documents and other tangible items seized from the Defendants by, and in the possession of, the Philadelphia District Attorney's Office.

Then, on March 17, 1986, two (2) significant things occurred. First, the Movants filed a Motion in the state court action for class certification. Secondly, and most significantly, the corporate Defendant filed its Petition in bankruptcy in this Court.

Over ten (10) months later, on January 20, 1987, the Movants filed the Motion before us in this Court. The Movants requested that this Court either "lift" the stay, or, in the alternative, "modify" it to permit them to have the class certification motion determined, the discovery completed, and/or to proceed to the entry of final judgment against, apparently, both Defendants, in the state class court action on the condition that they refrain from execution on any judgment obtained therein without further court approval. The Motion makes no distinction in relief sought as to the corporate Debtor and the individual non-debtor in its requests.

The Debtor answered and opposed the Motion. On February 18, 1987, the Motion came before us for disposition. Despite our caution to them regarding the impact of *Stranahan Gear*, the Movants opted to have the Motion decided on the pleadings and presented no evidence. The Debtor, represented by the same Counsel as was the Debtor in *Stranahan Gear*, was well

aware of this decision and presented no evidence in response. As we memorialized in an Order of February 19, 1987, we accorded the Movants an opportunity to supplement their previous Brief to address the impact of *Stranahan Gear*, and the Debtor to respond thereto. We received the final Brief from the Debtor on March 6, 1987.

The Bankruptcy Code, at 11 U.S.C. § 362(d), authorizes relief from the automatic stay in the following circumstances:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

The Movants expressly invoke that portion of § 362(d)(1) allowing relief "for cause" other than "the lack of adequate protection," which usually arises in the classic mode of a § 362 Motion filed by a secured party to protect its interest in the collateral. *See Stranahan Gear*, 67 B.R. at 837.

The Code provision relating to the burden of proof on a § 362(d) Motion is 11 U.S.C. § 362(g), which provides as follows:

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

In *Stranahan Gear*, we declined to follow the decision of our predecessor, the Honorable William A. King, Jr., in *In re Humphreys Pest Control Co.*, 35 B.R. 712 (Bankr.E.D.Pa.1984), in which the Court granted relief from the stay, pursuant to 11 U.S.C. § 362(d)(1), to allow prospective franchisees of the Debtor to continue a federal action alleging violations of securities laws, the Racketeer Influenced and Corrupt Organizations Act (hereinafter referred to as "RICO"), and common law fraud against the Debtor corporations, their officers, and their agents, on a record which consisted of merely a Motion for relief and an Answer. In *Stranahan Gear*, we held that, despite the existence of 11 U.S.C. § 362(g), which Judge King cited in deciding *Humphreys*, numerous decisions of this and neighboring courts, including other decisions of Judge King himself, had established that, despite the presence of § 362(g), the moving party has an initial burden of proving a *prima facie* case before relief can be granted pursuant to § 362(d). Thus, we concluded as follows:

The Moving Party here is therefore in error in its assumption, that, because the Debtor has produced no evidence, it is thereupon *ipso facto* entitled to relief from the stay. Rather, the relevant law on such matters establishes that, before relief from the stay can be considered, the Moving Party first had the burden of showing "cause" for relief. Therefore, in the all too typical instance in our Court, which has played out in this case, where the "record" presented is limited to arguments of counsel and no evidence is presented, it is the *Debtor* rather than the party seeking relief from the stay who must prevail. To the extent that *Humphreys* can be said to hold to the contrary, this Court must regretfully state that the *Humphreys* is out of step with the weight of authority, even other decisions of Judge King himself, not to mention those of Chief Judge Goldhaber of this Court, and will not be followed here. Hence, irrespective of what reasons the Moving Party here might have which, if proven, could establish "cause" for relief from the stay, the state of the

present record leaves no recourse but to deny its Motion. 67 B.R. at 837.

The Movants seek to avoid the rather apparent application of this excerpt from *Stranahan Gear* to the instant record by making the following arguments:

1. Their state court class action suit involves "state law claims," which would render that suit a "related proceeding" if it were tried in bankruptcy court.

2. The state court suit names as a party defendant a non-debtor, Mr. Perlstein individually, as well as the Debtor.

3. The facts here are distinct from those of *Stranahan Gear*, in that, in that case, the moving party filed suit in violation of the automatic stay and was seeking to engage the Debtor in litigation in a distant forum (Louisiana).

4. The record in this case establishes the two (2) factors which we stated, in *Stranahan Gear*, had coalesced in several cases where, as in *Humphreys*, relief had been granted to unsecured creditors "for cause," per § 362(d)(1), *i.e.*, the moving party had established that the debtor had engaged in morally culpable conduct and the creditor seeking stay relief was barred from collection of any judgments obtained in the action which he was permitted to maintain outside of the bankruptcy forum.

We believe that the first two (2) arguments are disposed of by *Stranahan Gear;* that the third argument, while accurate in establishing that the circumstances in *Stranahan Gear* were more aggravated than those here, is hardly decisive of the question before us; and that, even if we could agree with those cases which have granted relief if the moving party meets the requisite burden of clearly establishing, on the record, that the hardship to the debtor is outweighed by the hardship to the moving party, the Movants have failed to meet that burden on the record here.

■ The first argument proffered by the Movants reveals only that they misperceive the nature of the automatic stay. The Movants seem to feel that the nature of their *claim* is significant to a determination as to whether relief from the stay should be granted. However, unless the Movants had set out to argue that the nature of their claim fell within one of the exceptions set forth in 11 U.S.C. § 362(b), the Movants are incorrect in this assertion. The stay, per 11 U.S.C. §§ 362(a)(1), (2), (6), provides protection to debtors from *all* legal actions, whether in state or federal court, and whether arising under state or federal law. The bankruptcy court is clearly the proper forum to determine the extent of any claims which the Movants, on an equal footing with other creditors of the debtor in the same classification, are entitled to receive from the assets of the Debtor's estate in accordance with the Debtor's Plan. Determination of claims are "core proceedings," irrespective of whether the claims arise under state or federal law. *See* 28 U.S.C. § 157(b)(2)(B). The stay therefore applies equally to all claims. *Cf. Tringali v. Hathaway Machinery Co.*, 796 F.2d 553, 557 (1st Cir.1986); and *NLT Computer Services Corp. v. Capital Computer Systems, Inc.*, 755 F.2d 1253, 1257–59 (6th Cir.1985) (stay halts *all* actions against debtors, even those pending in federal district court, and the federal district court should not frustrate the effect of the stay by withdrawing the reference of cases pending there against the debtor from the bankruptcy court).

■ The second argument, that the stay at this point extends only to the Corporate Debtor and not to the individual defendant in the state court suit, is undoubtedly correct, as a co-debtor stay arises only in a Chapter 13 proceeding. *Cf.* 11 U.S.C. § 1301. However, this observation does not alter the fact that the automatic stay *is* effective as to the Debtor. The stay would not extend to Mr. Perlstein individually unless he successfully established that to allow the action to proceed against him would cause irreparable harm to the Debtor's estate, impair a successful reorganization, result in little harm to the opposing party, and serve the public interest. *See, e.g., In re Diaconx Corp.*, 69 B.R. 333, 337–39 (Bankr.E.D.Pa., Opinion

filed Jan. 13, 1987); and *In re Monroe Well Services, Inc.*, 67 B.R. 746, 750–53 (Bankr. E.D.Pa.1986). Mr. Perlstein has not yet sought any such relief, although the possibility certainly exists that he would do so if the Movants pressed their pursuit of him. The Movants are hence free, at least at this moment, to proceed against him in their state court proceeding, as the movant in *Stranahan Gear* was clearly free to pursue the co-defendant in the federal action instituted by the Movant there in Louisiana. However, these circumstances do not provide the requisite "cause" for the Movant to succeed against the Debtor in this motion.

The third argument, as is indicated above, accurately recites a distinction between the facts of *Stranahan Gear* and the instant case. However, this distinction is not material to the result. The stay applies to those who, like the Movants, properly respect its application, as well as those who, risking imposition of sanctions pursuant to 11 U.S.C. § 362(h), attempt to disregard it, like the movant in *Stranahan Gear*. However, we can hardly agree that the Movants' appropriate respect for the automatic stay does anything more than insulate them from § 362(h) liability and could ever justify the "reward" of granting the Movants, for that reason, relief from the stay.

The only argument of the Movants which has any force at all is their fourth argument, where the Movants accurately aver that they have at least alleged the coalescence of the presence of both morally culpable conduct of the Debtor and an effort by the Movants to pursue the Debtor only to judgment, not through the execution process. These are factors which some courts have held sufficient to establish that the hardship to the creditor from being denied an opportunity to pursue the debtor in another chosen forum outweighs the hardship to the debtor if it is forced to litigate out of the bankruptcy-court forum. The facts alleged here are hence closer to the facts of *Humphreys* and several of the other cases in which relief from the stay

was granted "for cause" than were the facts of *Stranahan Gear. See, e.g., In re Turner*, 55 B.R. 498 (Bankr.N.D.Ohio 1985) (RICO action in which creditors agreed to look only to debtor's bonding company); *In re Bock Laundry Machine Co.*, 37 B.R. 564 (Bankr.N.D.Ohio 1984) (products liability action in which creditor agreed to pursue debtor only to extent he was insured); *In re Larkham*, 31 B.R. 273 (Bankr.D.Vt. 1983) (Discrimination suit in which plaintiffs sought injunctive relief); and *In re Highcrest Management Co.*, 30 B.R. 776 (Bankr.S.D.N.Y.1983) (Plaintiffs sought to recover proceeds which debtor held in trust).

However, we will nevertheless not grant relief to the Movants on the basis of the record which they have made in this case on this Motion. As we pointed out in *Stranahan Gear*, the classic situation in which relief from the stay is accorded is where the moving party is a *secured* party whose security is in jeopardy. 67 B.R. at 837. There are significant counter-considerations to weigh in determining whether any unsecured creditor is ever entitled to proceed with a legal action against a Chapter 11 Debtor in any forum other than the bankruptcy court in any circumstances, including a recognition of the need of such a debtor to devote its likely-limited financial resources and energies to the formulation of a Plan to treat all of its similarly-classified creditors equitably in bankruptcy court, as opposed to being required to expend its resources and energies in defending cases brought by certain of its creditors against it in other forums. *See* 67 B.R. at 838 and the cases cited therein.

Although the willingness of the Movants to refrain from execution against the Debtor's assets lightens the load that permitting the state court action to proceed in full force against the Debtor would effect, it cannot be gainsaid that defending a class motion, responding to discovery, and devoting its energies and expense to defending the state court proceeding would adversely impact upon the Debtor's vitality in its Chapter 11 proceeding here. Thus, in

*Tringali, supra,* relief from the stay was denied, despite the fact that the debtor's liability would be covered by insurance. *But see In re Holtkamp,* 669 F.2d 505 (7th Cir.1982); and *Bock Laundry, supra.* Here, of course, there is no insurer ready to pay any judgment, or to provide counsel necessary to defend the State court action at no cost to the debtor.

 Whether, on their facts, we would follow the cases cited at page 1009 *supra,* which it seems to us overlook the tremendous significance of preservation of the automatic stay in allowing corporate reorganization to successfully transpire, is not necessary for us to address in deciding the motion before us. We do acknowledge that an unsecured creditor could succeed in a stay motion if it shows that the balance of hardships tips in the creditor's favor. See 2 COLLIER ON BANKRUPTCY, ¶ 362.07 at 362–57 to 362–58 (15th ed. 1986). However, establishing that the balance of hardships tips in their favor imposes a significant burden upon unsecured creditors such as the Movants, which they can rarely, if ever, sustain on the basis of pure allegations, most of which are disputed. The record here consists of no more than this.

We are therefore. compelled to deny the Motion before us on this record, which we will proceed to do in an accompanying Order.