In the Matter of FRG, INC. FRP Limited Partnership a/k/a Franklin Realty Partners.

Bankruptcy Nos. 89–12766S, 89–12768S. Civ. A. No. 89–8377.

United States District Court, E.D. Pennsylvania.

April 27, 1990.

Mary Walrath, Philadelphia, for appellant.

Joseph A. Vogel, New York, for debtors.

Joseph Riga, Philadelphia, for appellee (LHC Corp.).

Nicholas LePore, III, Philadelphia, for Official Unsecured Creditors Comm.

Max Lieberman, Philadelphia, for appellee (FRP).

James J. O'Connell, Asst. U.S. Trustee.

## MEMORANDUM

WALDMAN, District Judge.

This is an appeal from an order of the United States Bankruptcy Court for the Eastern District of Pennsylvania, which denied appellant Bruce Manley ("Manley") relief from the automatic stay provisions of the Bankruptcy Code. Manley seeks relief from the stay in order to litigate, in state court, whether he holds a security interest in appellee FRG, Inc.'s account with Fidelity Bank. For the reasons that follow, the bankruptcy court's holding will be affirmed.

### I. Background

The relevant facts of record are as follows. Appellee FRG, Inc. ("FRG") is a Pennsylvania corporation. Appellee FRP Limited Partners ("FRP") is a Pennsylvania limited partnership, of which FRG is the general partner. Manley is a former employee of FRG and FRP. In 1986, Manley's employment relationship with FRG and FRP terminated. Subsequently, in June 1987, Manley commenced an action against FRG in federal district court for unpaid compensation. This action resulted in a settlement agreement entered into by the parties in August 1988.

Under the terms of the settlement agreement, FRG and FRP agreed to pay Manley $100,000 in six installment payments. As security, the parties executed a confession of judgment note which provided that, in the event appellees failed within ten days of a due date to "cure the default," Manley could obtain a judgment without process "for the unpaid balance thereon, together with costs and attorney's fees." Neither the settlement agreement nor the judgment note indicated whether the term "unpaid balance" referred specifically to the single installment payment past due, or more gen-

erally to the remaining balance of the entire $100,000 debt.

In addition, although the settlement agreement provided that no interest would be paid by appellees with respect to any of these payments, the judgment note stated, *"As long as said payments are timely received,* Franklin [appellees] shall owe no interest or costs on said payments." (emphasis added). Neither the settlement agreement nor the judgment note indicated what was meant by "timely received." Further, neither expressly stated whether interest would be assessed in the event of an untimely payment, or at what rate.

FRG and FRP made the first two installment payments of $10,000, but failed to make the third payment of $15,000, which was due and payable on October 16, 1988. After appellees failed to cure this, Manley on November 9, 1988 entered a judgment by confession for the entire remaining $80,000 due under the note. Manley also caused FRG's bank account at Fidelity Bank to be attached and caused a Writ of Execution to be served against FRG and FRP in the sum of $81,000.

■ On November 29, 1988, the Philadelphia Court of Common Pleas entered an order staying Manley from executing on the garnished funds. On that same date, appellees filed a petition with the Court of Common Pleas to open or strike the confessed judgment. By order dated January 13, 1989, the court opened the judgment but declined to strike it.[1] The Order stated, in pertinent part:

> Pennsylvania law requires that the language of a confession of judgment clause be strictly construed.... [T]he [promissory] Note fails to clearly and unequivocally provide for acceleration of all future payments upon default.... [A] strict interpretation of the confession clause would limit judgment to the unpaid portion of the overdue payment.

While cross-appeals of this decision were pending, the appellees paid Manley the belated $15,000 October 1988 payment under the settlement agreement. Thereafter, on May 17, 1989, the appellees filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. Those proceedings were subsequently transferred to the United States Bankruptcy Court for the Eastern District of Pennsylvania, where they are currently proceeding. As a result of appellees' filing for bankruptcy, Manley's appeal to the Superior Court of Pennsylvania was effectively placed in suspense under the automatic stay provisions of the Bankruptcy Code.

On September 20, 1989, Manley filed a motion in the bankruptcy court for relief from the automatic stay. Following testimony presented by appellant at an October 18, 1989 hearing, the bankruptcy court granted FRG and FRP's oral motion for a directed verdict on appellant's motion for relief. That same day, the bankruptcy court entered a brief order formally denying Manley's motion for relief.

## II. Jurisdiction

■ Appellees first argue that this court lacks jurisdiction to hear Manley's appeal. Appellees claim that the bankruptcy court's order did not have the effect of finally adjudicating Manley's rights in the *res* at issue and that, as such, it is interlocutory and not appealable without leave of court under 28 U.S.C. § 158(a).

However, in the primary case relied on by appellees, *In re West Electronics, Inc.,* 852 F.2d 79 (3d Cir.1988), the Third Circuit Court of Appeals expressly adopted a pragmatic, case-by-case approach to determine whether an order denying stay relief was final and appealable. *See id.* at 81–82 (*citing In re Meyertech Corp.,* 831 F.2d 410 (3d Cir.1987)). In holding that the bankruptcy court's order in that case was indeed final, the *West Electronics* court dis-

---

1. Under Pennsylvania law, any attachment or execution process which issues on a judgment continues to be valid unless the judgment is stricken; opening the judgment has no such effect. Unless a judgment has been stricken or is stayed by order of court, the lien of the judgment or of any execution thereon is unaffected. Pa.R.Civ.P. 2959(f). *See also Rochester Mach. Corp. v. Mulach Steel Corp.,* 287 Pa.Super. 270, 283, 430 A.2d 280 (1981), *rev'd on other grounds,* 498 Pa. 545, 449 A.2d 1366 (1982).

tinguished situations where an appeal would be considered interlocutory:

> Thus, this is not a case in which an application for relief from the stay was denied without prejudice because the record was incomplete, discovery was on-going or the court required further research on the issue before it. The government was denied relief because in the bankruptcy court's view it was not entitled to it when it filed its motion.

*Id.* at 82. Similarly, in the instant case, the bankruptcy court made a finding, after hearing extensive testimony on appellant's motion, that Manley's alleged security interest was too speculative to justify relief from the automatic stay. It is clear from the testimony and the wording of the bankruptcy court's order that appellant was denied relief because the bankruptcy court concluded that he was not entitled to it on the merits. As such, the order is final and appealable without leave pursuant to 28 U.S.C. § 158(a).

### III. Discussion

Title 11 U.S.C. § 362(d) states as follows:
(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
(2) with respect to a stay of an act against property under subsection (a) of this section, if—
  (A) the debtor does not have an equity in such property; and
  (B) such property is not necessary to an effective reorganization.

A decision denying relief from the automatic stay provisions of the Bankruptcy Code may only be reversed if the bankruptcy judge abused his discretion. *In re Highway Truck Drivers and Helpers Local Union 107*, 98 B.R. 698, 704 (E.D.Pa.1989); *In re Halley*, 70 B.R. 283, 284 (E.D.Pa.1987). In the instant case, appellant alleges that the bankruptcy judge abused his discretion

when he denied appellant's claims for relief under both § 362(d)(1) and 362(d)(2). With respect to § 362(d)(1), appellant claims that the funds in question are not adequately protected since the accrual of interest has now increased his claim beyond the value of his alleged collateral. With respect to § 362(d)(2), appellant claims, first, that appellees "clearly" had no equity in the funds and, second, that appellees' reorganization would not be affected by forfeiting the *de minimus* funds at issue. The court will address these two arguments separately.

### IV. Section 362(d)(1)

Although brief, the October 18, 1989 order of the bankruptcy court indicates that the court concluded that appellant had presented insufficient evidence, first, to establish his status as a secured creditor and, second, to demonstrate that he would suffer a substantial hardship by not obtaining relief. The order reads in its entirety:

> AND NOW, this 18th day of Oct., 1989, upon consideration of the Motion of Bruce Manley for relief from the bankruptcy stay, after a lengthy hearing of this date, it is hereby ORDERED that the Motion be denied. The only basis for the Movant's contention that his claim is secured is a confessed judgment which has been opened by the state court. After review of the state court judge's Opinion and in light of our holding in *In re Souders*, 75 B.R. 427 (Bankr.E.D.Pa. 1987), we find that the Movant's security interest is of sufficiently doubtful validity that we do not believe it justifies compelling the Debtor to be relegated to state court to defend the Movant's claim there.

■ While it is fairly common for a *secured* party whose security is in jeopardy to be permitted to proceed against a debtor in state court, an unsecured party bears a much higher burden of demonstrating that the balance of hardships tips significantly in its favor. *In re Ronald Perlstein Enterprises, Inc.*, 70 B.R. 1005, 1009–10 (Bkrtcy.E.D.Pa.1987). As the court in *Perlstein* explained:

> [T]he obvious hardship to a debtor in defending against any litigation brought

by an unsecured creditor in any forum other than the bankruptcy court can be offset only by a showing of substantial hardship to the creditor in being denied the right to pursue the debtor in another forum....

.... There are significant counter-considerations to weigh in determining whether any unsecured creditor is ever entitled to proceed with a legal action against a Chapter 11 Debtor in any forum other than the bankruptcy court in any circumstances, including a recognition of the need of such a debtor to devote its likely-limited financial resources and energies to the formulation of a Plan to treat all of its similarly-classified creditors equitably in bankruptcy court, as opposed to being required to expend its resources and energies in defending cases brought by certain of its creditors against it in other forums....

*Id.* at 1006, 1009. This court's inquiry with respect to § 362(d)(1) thus is twofold: (1) whether the bankruptcy court abused its discretion when it found that appellant had failed to establish a security interest in the garnished funds; and (2) if not, whether it nonetheless abused its discretion when it found that the balance of hardships did not tip substantially in appellant's favor.

■ There is ample evidence to sustain the bankruptcy court's finding that appellant's alleged security interest was too speculative to justify relief for cause. Contrary to appellant's assertions, it is far from clear that he possessed a valid, enforceable lien on all of the attached funds. The terms of the agreements in question fail to define the term "unpaid balance" and thus fail (at least expressly) to provide for the acceleration of debt in the event of default. This in fact was the precise basis of the state court opinion cited by the bankruptcy court in its order. (*See also* Transcript of October 18, 1989 hearing, at 81–82). When this ambiguity is coupled with appellees' subsequent payment of the $15,-

000 past due, the court cannot conclude that the bankruptcy court abused its discretion in finding appellant's claim for the remaining $65,000 both "fragile" and "tenuous." (Transcript at 78, 79, 81).

In addition, the validity of appellant's lien is cast further in doubt by *In re Souders,* 75 B.R. 427 (Bkrptcy.E.D.Pa.1987), also cited by the bankruptcy court in its order. In that case, the court declared the Pennsylvania confession of judgment statute unconstitutional since it contained no requirement that a debtor sign an express waiver of his due process rights. Appellant claims that the bankruptcy court's "reliance" on *Souders* is misplaced since that case is allegedly inconsistent with earlier United States Supreme Court precedent upholding the constitutionality of confession of judgment statutes generally. *See D.H. Overmyer Co., Inc. v. Frick Co.,* 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972); *Swarb v. Lennox,* 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972). However, even assuming that the bankruptcy court was referring to this aspect of the *Souders* opinion,[2] it could reasonably have denied appellant relief based solely on the very existence of *Souders* itself, without ever addressing the propriety of *Souders'* actual holding. In other words, the bankruptcy court was entitled to conclude that the validity of appellant's claim was made more doubtful by the existence of a case, which to date has not been overruled, striking down the applicable confession of judgment statute. Thus, quite apart from the merits of *Souders,* the bankruptcy court could legitimately have taken note of the opinion's existence as a relevant factor in considering the likelihood that appellant would ultimately be able to enforce his claim.

It bears emphasis that the court below did not conclusively hold that appellant was not a secured creditor. Rather, it merely held that appellant's alleged security interest was too speculative to warrant relief

---

**2.** As appellees point out, *Souders* also held that, in ensuring itself that a creditor is secured before granting relief from the stay, a court may consider a debtor's defenses to the alleged security interest. 75 B.R. at 428, 432–33. Although it

is possible that the bankruptcy court cited *Souders* only for this narrow holding, this is unlikely since *Souders* was raised by the parties below only for its constitutional holding. (Transcript at 7).

from the automatic stay at this time.[3] In light of the above evidence, such a conclusion by the bankruptcy court did not constitute an abuse of discretion.

■ Further, the bankruptcy court did not abuse its discretion in finding that the balance of hardships did not tip substantially in appellant's favor. The only hardship alleged by appellant is the proportional loss in the value of his collateral as interest on appellees' debt accumulated. However, this argument presupposes the existence of both a valid lien and an agreement by the parties that interest on overdue payments would be assessed. Even assuming *arguendo* the existence of a valid lien, the written agreements between the parties are extremely ambiguous with regard to the payment of interest on overdue debt. As noted above, while the settlement agreement states that "[n]o interest shall be paid by FRG," the promissory note provides that FRG and FRP will not be obligated for interest if payments are timely made. The note does not specify a rate of interest, nor did appellant submit any evidence on this point below. In light of this ambiguity (and seeming contradiction in language), appellant's case for relief appears far from compelling.

Accordingly, the court concludes that the bankruptcy court did not abuse its discretion in denying relief under 11 U.S.C. § 362(d)(1).

### V.  Section 362(d)(2)

■ While a party seeking relief from the stay under 11 U.S.C. § 362(d)(2) carries the burden of demonstrating that the debtor has no equity in the alleged collateral, 11 U.S.C. § 362(g)(1), the debtor carries the burden of proving that the funds sought are necessary for an effective reorganization. 11 U.S.C. § 362(g)(2). In light of this standard, and because the bankruptcy court granted a directed verdict in favor of the appellees, it is clear that the bankruptcy court based its § 362(d)(2) decision exclusively on appellant's failure to demonstrate that the appellees lacked equity in the attached funds. Accordingly, the court will confine its analysis to that issue.

■ In his appellate brief, Manley conclusively states, "Further, since the funds were not even sufficient to cover the debt to Appellant at present, the Appellees clearly had no equity in those funds." (Brief of Appellant Bruce Manley, at 5). This contention, however, ignores the central issue of what funds in fact constitute "the debt to Appellant at present." Once again, as the bankruptcy court indicated in referring both to the state court opinion and *Souders*, it remains uncertain whether appellant possesses a valid and enforceable lien against appellees' bank account for $65,000. Because of this, the extent of the parties' respective equity in the disputed funds also necessarily remains uncertain.

Accordingly, the court concludes the bankruptcy court's denial of relief under § 362(d)(2) did not constitute an abuse of discretion.

An appropriate Order follows.

### ORDER

AND NOW, this 27th day of April, 1990, for the reasons set forth in the accompanying Memorandum of this date, IT IS HEREBY ORDERED that the decision of the bankruptcy court in this matter is AFFIRMED.

---

**3.**  This may explain appellant's obtuse assertion that the bankruptcy court erred by not abstaining. It is at once unclear what appellant believes the bankruptcy court should have abstained from since Manley himself moved for relief. If appellant is contending that the court should have abstained from deciding whether or not he was in fact a secured creditor, his argument is misplaced since that issue was never conclusively decided by the bankruptcy court. In any event, appellant's failure to raise the issue of abstention below forecloses his ability to raise it for the first time on appeal. *In re Futura Industries, Inc.*, 69 B.R. 831, 834 (Bkrtcy. E.D.Pa.1987).