**In re Thomas Oliver MANOWN, Debtor.**

**William T. BURDETT and Wannie Burdett, Movants,**

v.

**Thomas Oliver MANOWN, Respondent.**

**Bankruptcy No. 97–68648.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Aug. 4, 1997.

Sam G. Dickson, Marietta, GA, for movants.

Donald C. Beskin, Nadler, Beskin & Scott, Atlanta, GA, for respondent.

**ORDER**

MARGARET H. MURPHY, Bankruptcy Judge.

Hearing on Movants' motion for relief from stay was held July 23, 1997. Movants seek relief from the automatic stay to

prosecute a civil action pending in DeKalb County Superior Court in which it is alleged that Debtor is a defendant. An initial question which arose is whether the automatic stay prohibits discovery, including depositions, of Debtor. Section 362 of the Bankruptcy Code provides:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

1. the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

Discovery is considered part of the "continuation" of a proceeding and is, therefore, subject to the automatic stay. *See, In re Ronald Perlstein Enterprises, Inc.,* 70 B.R. 1005 (Bankr.E.D.Pa.1987). As the court noted in that case, the automatic stay is designed to protect Debtor from the burden of responding to discovery and defending a court action, even if the creditor agrees to proceed no further than judgment and to refrain from any execution of judgment against Debtor. *Id.*

The Chapter 7 Trustee filed a report of no distribution July 3, 1997. Therefore, unless Debtor's liability to Movants would likely be nondischargeable, or unless Movants have grounds to assert an objection to Debtor's discharge, the prosecution of a lawsuit against Debtor whose judgment would be discharged in this case would appear to be an exercise in futility and would cause undue prejudice to Debtor. Such post-bankruptcy lawsuits on claims which arose prepetition are precisely the type of actions which bankruptcy's "fresh start" policy are intended to prevent.

■ In the instant case, no complaint to determine dischargeability and no complaint objecting to discharge has been filed. Additionally, Movants failed to provide the court with a copy of the complaint and answers filed in the state court proceeding. Without a clear understanding of the interrelationship of the state court proceeding with Debtor's bankruptcy case, this court cannot determine the merits of Movant's motion for relief from the automatic stay. Accordingly, it is hereby

ORDERED that the automatic stay shall continue in effect pending further order of the court. On or before August 11, 1997, Movants shall file a supplement to the motion for relief from stay to provide a copy of the state court complaint and answer(s). Such supplement shall also describe the discovery Movants seek from Debtor and whether such discovery is sought from Debtor as a witness or as a party to the state court proceeding. If and when filed, Movants should also provide this court with a file-stamped copy of the complaint commencing any adversary proceeding against Debtor to facilitate a prompt ruling. It is further

ORDERED that, if the Chapter 7 Trustee opposes Movants' motion, the Trustee shall file written notice of such opposition, together with the specific grounds for such opposition, on or before August 11, 1997. It is further

ORDERED that a further hearing will be scheduled if specifically requested by either party or if an accurate resolution of the motion appears to require a hearing. Otherwise, an order may be entered without further notice or hearing.